# WOHL & FRUCHTER LLP

570 LEXINGTON AVENUE, 16TH FLOOR
NEW YORK, NY 10022

T 212 758 4000
F 212 758 4004

www.wohlfruchter.com

ETHAN D. WOHL
direct 212 758 4097
ewohl@wohlfruchter.com

November 1, 2013

Hon. Laura Taylor Swain
United States District Court
Southern District of New York
40 Centre Street, Room 1205
New York, New York 10007

Re:   *United States v. S.A.C. Capital Advisors, L.P.*, No. 13 Cr. 541 (LTS)

Dear Judge Swain:

We are Co-Lead Counsel for Elan Corporation, plc ("Elan") investors in *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12 Civ. 9350 (VM) (KNF), a securities class action asserting insider trading claims arising out of conduct charged in the above-referenced matter. In addition, a class of investors in Wyeth, a second company in which Defendants traded based on the same inside information, whose claims are also asserted in the *Kaplan* Action, join this letter.

Investors in Elan and Wyeth are "crime victims" within the meaning of the Crime Victims Rights Act (the "CVRA"), 18 U.S.C. § 3771, and we write to request that the Court afford our clients and Wyeth investors their right under the CVRA to "be reasonably heard at any public proceeding in the district court involving . . . [a] plea" in this matter. 18 U.S.C. § 3771(a)(4). The CVRA provides the right to both make written submissions and present oral argument. *See Kenna v. U.S. Dist. Court*, 435 F.3d 1011, 1016 (9th Cir. 2006).

According to published news reports, a plea agreement could be executed by Defendants and the Government and submitted to the Court as soon as today. We write now because we are aware that in this District, pleas are sometimes presented to the Court and accepted with little or no prior public notice.

According to a report published earlier this week in the *Wall Street Journal*, the plea agreement being negotiated will allow Defendants to plead guilty and pay a fine in excess of $1 billion without admitting liability for insider trading in Elan or Wyeth. A plea agreement on those terms, if tendered to the Court, should be rejected.

Defendants' insider trading in Elan and Wyeth has been described by the United States Attorney as "the most lucrative insider trading scheme ever charged" and the Defendants' illegal gains from it – $276 million, according to the Indictment (¶ 31.a) – are many times larger than their gains from all of the other insider trading schemes charged in the Indictment *combined*. Indeed, there is a significant question whether the other schemes charged in the Indictment would, absent

Hon. Laura Taylor Swain
November 1, 2013
Page 2

**WOHL & FRUCHTER** LLP

the Elan and Wyeth trades, support a fine in the amount that has been publicly reported. *See* U.S. Sentencing Guidelines Manual §§ 8C2.4-8C2.7 (2012).

Judges in this District have recently raised concerns regarding defendants' settlement of civil enforcement actions without admitting the conduct at issue. *See SEC v. Citigroup Global Markets, Inc.*, 827 F. Supp. 2d 328 (S.D.N.Y. 2011). Indeed, in April, Judge Marrero imposed conditions on the $602 million civil settlement reached between two of the Defendants here and the Securities and Exchange Commission arising out of the Elan and Wyeth trades, *SEC v. CR Intrinsic Investors, LLC*, ___ F. Supp. 3d ___, 2013 WL 1614999 (S.D.N.Y. Apr. 16, 2013), citing the public's "interest in knowing the truth in matters of major public concern." *Id.* at *11. The same concerns arise here, but with greater force. Here, not only would the reported plea agreement allow Defendants to avoid admitting the principal conduct charged in the Indictment, but the Defendants' plea would actually omit and thereby conceal the true basis for the criminal penalty imposed.

This result is particularly unwarranted where, as here, the evidence is extremely strong and the conduct is particularly egregious. The facts here establish that inside information was repeatedly and routinely used by Defendants' employees in connection with their trading in Elan and Wyeth, and that Defendants' owner, Steven A. Cohen, personally received and benefited from illegal inside information on multiple occasions in connection with those trades.

A plea that allows Defendants to avoid admitting the primary conduct charged also circumvents the procedural constraints imposed by the Federal Rules of Criminal Procedure. Defendants who wish to avoid the collateral consequences of an admission of guilt ordinarily seek to plead *nolo contendere*, which requires the Court to "consider the parties' views and the public interest in the effective administration of justice." Fed. R. Crim. P. 11(a)(3). As articulated by Judge Connor, among the relevant factors in deciding whether to allow a *nolo* plea are the "nature and duration of the offense;" the "effect that a plea change could have on deterrence;" and "the interests of civil litigants." *United States v. Yonkers Contracting Co.*, 697 F. Supp. 779, 781 (S.D.N.Y. 1988). In determining whether to accept a plea that allows Defendants to avoid admitting the principal illegal conduct charged, this Court should consider the same factors.

In addition, the United States Sentencing Guidelines provide that when a plea agreement includes an agreement to dismiss or not pursue potential charges, it should be accepted only "if the court determines, for reasons stated on the record, that the remaining charges adequately reflect the seriousness of the actual offense behavior . . . ." U.S. Sentencing Guidelines Manual § 6B1.2(a) (2012). The commentary notes that while the prosecutor retains discretion to charge or voluntarily dismiss charges, "when the dismissal of charges or agreement not to pursue potential charges is contingent on acceptance of a plea agreement, the court's authority to adjudicate guilt and impose sentence is implicated, and the court is to determine whether or not dismissal of charges will undermine the sentencing guidelines." *Id.* cmt. A plea that fails to include an admission of the principal charged conduct similarly implicates the Court's authority to adjudicate guilt and impose a sentence, and the Court here should closely scrutinize whether the conduct admitted adequately reflects "the seriousness of the actual offense behavior." *Id.*

Hon. Laura Taylor Swain
November 1, 2013
Page 3

WOHL & FRUCHTER LLP

We further note that allowing Defendants to avoid admitting what was by far the most profitable insider trading scheme charged appears inconsistent with the directive in the United States Attorneys' Manual that a "corporation should generally be required to plead guilty to the most serious, readily provable offense charged." United States Attorneys' Manual § 9-28.1300.B.

For the foregoing reasons, our clients submit that any plea agreement that allows Defendants to avoid admitting the central conduct charged – insider trading in Elan and Wyeth – should be rejected, and that pursuant to the CVRA, they and Wyeth investors should be granted leave to fully brief these issues and appear and present argument.

Respectfully submitted,

Ethan Wohl

Ethan D. Wohl

cc: Antonia Marie Apps, Esq.
    Arlo Devlin-Brown, Esq.
    Martin Klotz, Esq.
    Michael S. Schachter, Esq.
    Theodore V. Wells, Jr., Esq.
    Daniel J. Kramer, Esq.
    Michael E. Gertzman, Esq.