

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

November 8, 2013

The Honorable Laura T. Swain
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

Re:  United States v. S.A.C. Capital Advisors, L.P., et al., 13 Cr. 541 (LTS)

Dear Judge Swain:

The Government writes in response to the motion filed yesterday afternoon by counsel for a purported class of investors in Elan and Wyeth securities ("Class Counsel") in an uncertified consolidated class action lawsuit pending in *Kaplan v. S.A.C. Capital Advisors, L.P.* 12 Civ. 9350 (VM). For the reasons described below, the Government believes that the movants lack standing under the Crime Victims' Rights Act ("CVRA") and therefore have no "right to be reasonably heard" at the plea proceeding. 18 U.S.C. § 3771(a)(4). Among other things, Class Counsel cannot establish that the investors they purport to represent were "directly and proximately harmed" by the charged offenses here. For example, there is no evidence that individuals in the putative class would not have engaged in the transactions claimed to have resulted in losses in the absence of trading by the SAC Defendants. The Government nevertheless will not object to Class Counsel being heard at the plea proceeding if the Court believes it would be useful or otherwise appropriate.

The CVRA defines a "victim" as "a person directly and proximately harmed as a result of the commission of" the offense in question. 18 U.S.C. § 3771(e); *see generally In re Rendon Galvis*, 564 F.3d 170, 175 (2d Cir. 2009).[1] To be sure, insider trading seriously undermines the integrity and proper functioning of the securities markets, and in that sense, generally victimizes investors and other market participants. As a legal matter, however, an individual who happens to buy or sell securities at the same time as an insider trading defendant is not considered a "victim" under the CVRA merely because that individual was denied the opportunity to make the same illegal profits obtained by the defendant. As Judge Rakoff explained in *United States* v. *Gupta*:

---

[1]  The standard is identical under the Mandatory Victims Restitution Act ("MVRA"), which the Class Plaintiffs have not invoked. *See* 18 U.S.C. § 3663A(a)(2).

The Honorable Laura T. Swain
November 8, 2013
Page 2

> While insider trading may work a huge unfairness on innocent investors, Congress has never treated it as a fraud on investors, the Securities Exchange Commission has explicitly opposed any such legislation, and the Supreme Court has rejected any attempt to extend coverage of the securities fraud laws on such a theory. *See, e.g., Chiarella v. United States,* 445 U.S. 222, 232–235, 100 S.Ct. 1108, 63 L.Ed.2d 348 (1980). Prosecution of insider trading therefore proceeds, as in this case, on one or more theories of defrauding the institution (or its shareholders) that owned the information. *See, e.g., Dirks v. SEC,* 463 U.S. 646, 660–64, 103 S.Ct. 3255, 77 L.Ed.2d 911 (1983); *Carpenter v. U.S.,* 484 U.S. 19, 25–27, 108 S.Ct. 316, 98 L.Ed.2d 275 (1987).

*United States* v. *Gupta*, 904 F. Supp.2d 349, 352 (S.D.N.Y. Oct. 24, 2012).

As recognized by the Court in *Gupta*, the Supreme Court's holding in *Chiarella* makes clear that particular investors who trade without the benefit of inside information are not properly understood as the direct and proximate victims of those that do. In *Chiarella*, the Supreme Court vacated a conviction of a printer-company employee who bought stock in target companies on the grounds that the district court improperly "instructed the jury that the [employee] owed a duty to everyone; to all sellers, indeed, to the market as a whole." 445 U.S. at 231. The Supreme Court reasoned "[n]o duty could arise from [the employee's] relationship with the sellers of the target company's securities, for [the employee] had no prior dealings with them. He was not their agent, he was not a fiduciary, he was not a person in whom the sellers had placed their trust and confidence. He was, in fact, a complete stranger who dealt with the sellers only through impersonal market transactions." *Id.* at 232-233.

As noted above, the CVRA requires that a putative victim demonstrate "direct[] and proximate[] harm" as a result of the offense conduct. 18 U.S.C. § 3771(e). Any proximate and direct harm to the purchasers of Elan and Wyeth securities that Class Counsel seeks to represent resulted from the negative drug trial results announced in July 2009 that caused the price of the securities to fall. There is no evidence that investors buying shares of Elan and Wyeth in advance of the drug trial announcement would have avoided their losses "but for" the insider trading by other market participants, as is required under the CVRA. The direct and proximate cause of the Class Plaintiffs' losses was the negative news announced on July 29, 2009, irrespective of whether others violated the law.[2]

---

[2] Consistent with this principle, the very few cases in which restitution has been awarded to specific investors in insider trading actions are those in which the defendants engaged in deceptive conduct to encourage specific victim investors to purchase the securities in question. *See United States v. Skowron*, 839 F.Supp.2d 740 (S.D.N.Y. Mar. 20, 2012), *aff'd* 2013 WL 3593780 (2d Cir. July 16, 2013) (ordering restitution to broker-dealer and four of its clients, on consent of the Government and defendant, where insider trading defendant expressly requested broker-dealer to buy shares for itself and its clients that the defendant was attempting to sell based on inside information); *United States v. Kline*, 199 F.Supp. 2d 922 (D. Minn. Apr. 4, 2002) (awarding restitution to investor in thinly-traded stock where insider trading defendant encouraged victim to sell the shares to the defendant based on inside information known only to

The Honorable Laura T. Swain
November 8, 2013
Page 3

      Although the members of the purported class represented by Class Counsel do not qualify as "victims" under the CVRA, they of course remain free to pursue any relief to which they are lawfully entitled in other proceedings, including in the *Kaplan* action, which asserts various claims against SAC Capital Advisors, L.P. relating to Elan and Wyeth. To the extent those claims have merit, Class Counsel can continue to pursue them and nothing in the proposed plea agreement in any way prejudices their ability to do so.

                                      Respectfully submitted,

                                      PREET BHARARA
                                      United States Attorney

        By: _____
                Arlo Devlin-Brown
                Antonia M. Apps
                John T. Zach
                Assistant United States Attorneys

cc: Daniel J. Kramer, Esq.
    (*Counsel for the Defendants*)

    Ethan D. Wohl, Esq
    Deborah Clark-Weintraub, Esq.
    Gregg S. Levin, Esq.
    Marc I. Gross, Esq.
    (*Counsel for Plaintiffs in Kaplan v. S.A.C. Capital Advisors, L.P.*)

---

defendant). Here, there is no allegation that any person at SAC Capital with inside information induced members of the purported class represented by Class Counsel to purchase shares of Elan and Wyeth that they otherwise would not have. Indeed, we are unaware of any allegation that any members of the purported class represented by Class Counsel or the named plaintiffs identified in the instant motion were counterparties of SAC Capital, as opposed to merely contemporaneous traders in Elan and Wyeth shares.