PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS        NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

DANIEL J KRAMER

TELEPHONE  (212) 373-3020
FACSIMILE  (212) 492-0020

E-MAIL  dkramer@paulweiss.com

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

November 8, 2013

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
PO  BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

**By ECF**

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY  10007

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

Re: *United States* v. *S.A.C. Capital Advisors, L.P., et al.*, 13-cr-541 (LTS)

Dear Judge Swain:

We, together with co-counsel Willkie Farr & Gallagher LLP, represent the defendants in this action (the "Defendants"). We write in response to the letter filed by Ethan Wohl of Wohl & Fruchter LLP, dated November 1, 2013, and the motion [ECF No. 15] and supporting memorandum [ECF No. 16] filed by Mr. Wohl at approximately 5:00 p.m. yesterday. Those documents were submitted on behalf of purported classes of purchasers and sellers of Elan and Wyeth securities who allegedly traded contemporaneously with certain of the Defendants (the "Traders").

For the reasons set forth below, we respectfully submit that the Traders are not "victims" within the meaning of the Crime Victims' Rights Act, 18 U.S.C. § 3771 (the "CVRA"), and, accordingly, are not entitled to be heard at today's plea hearing. Further, even if the Traders were "victims," nothing in the CVRA supports their attempt to second-guess the agreement between the Government and the Defendants resolving this criminal case by demanding that its approval be conditioned on the Defendants admitting to certain facts that are not required by the plea agreement but are designed to assist the Traders in litigating a separate civil case against the Defendants.

### The Traders Are Not Victims

The CVRA grants rights only to "crime victims," being persons who were "*directly and proximately harmed*" as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e) (emphasis added). As the Second Circuit explained in *In re Rendon Galvis*, 564 F.3d 170, 175 (2d Cir. 2009): "The requirement that the

victim be 'directly and proximately harmed' encompasses the traditional 'but for' and proximate cause analyses." The Traders do not meet this standard.

In their civil litigation, which is pending in this District before Judge Marrero (docket number 12-cv-9350), the Traders do not assert that they were "directly and proximately" harmed by the Defendants' trading. Instead, the Traders (a) assert that they bought and sold Elan and Wyeth shares on the open market "contemporaneously" with transactions by certain of the Defendants and (b) allege that they may recover monies under Section 20A of the Securities Exchange Act of 1934, even though they cannot show they in fact bought shares from, or sold shares to, the Defendants or that the Defendants' conduct caused them to sustain a loss. The Traders contend that they need not establish that the Defendants' conduct caused their loss because the remedy they seek under Section 20A is disgorgement of the Defendants' gains from the Defendants' stock transactions, not damages for loss from the Traders' purchases or sales.[1] Because the Traders make no attempt to show they suffered any harm by allegedly trading on the open market at around the same time as the Defendants, much less establish they were "directly and proximately harmed" by the conduct charged in the indictment, they are not "victims" under the CVRA.[2]

It is not surprising then that the Traders do not cite a single case, and we are aware of none, holding that a person was a "victim" of insider trading under the CVRA simply because he or she traded on the open market in the same securities as a defendant charged with insider trading. Since 2009, approximately 74 defendants have been convicted in insider trading cases in this District, and not one of those cases determined that open market traders were "victims" under the CVRA. Indeed, no traders of the securities at issue in those cases ever attempted to assert the novel claim that the Traders here make under the CVRA.

Instead, the Traders cite a series of factually and legally dissimilar cases, none of which considered—much less held—that open market traders were "victims" of an insider trader under the CVRA. Most of the cases the Traders cite did not involve insider trading. They involved claims of fraudulent inducement or market manipulation, and stand for nothing other than the principle that there can be victims of those types of frauds. *See In re W.R. Huff Asset Mgmt. Co.*, 409 F.3d 555, 558 (2d Cir. 2005) (petitioners purchased high-yield debt securities based on the defendants' "materially false and misleading statements") (Wohl Br. at 5-6); *U.S. v. Rubin*, 558 F.

---

[1]   The Traders do not dispute that the Defendants have agreed to disgorge to the Securities and Exchange Commission (the "SEC") all of the allegedly improper gains identified by the SEC. However, the Traders claim that they may recover despite the Defendants' agreement with the SEC because, they argue, the Defendants made other gains for which the SEC did not allege the Defendants were liable. Those arguments will be considered by Judge Marrero in the context of motions to dismiss in the civil litigation.

[2]   Indeed, according to the Traders' own allegations in their civil complaint, they cannot even show that the Defendants traded on the open market at around the same time the Traders allegedly did. The Traders claim that, although they bought and sold securities on the open market, the Defendants "trad[ed] in dark pools," which are "alternative stock exchanges reserved for the largest traders . . . ." Complaint ¶¶ 117-18, *Kaplan* v. *S.A.C. Capital Advisors, L.P.*, No. 12-cv-9350 (S.D.N.Y. May 13, 2013).

Supp. 2d 411, 414 (E.D.N.Y. 2008) ("[T]he indictment charged . . . that the defendants fraudulently induced individuals and entities to part with significant blocks of shares . . . and . . . that the defendants manipulated the price of the shares of certain companies.") (Wohl Br. at 6); *U.S.* v. *Ingrassia*, 392 F. Supp. 2d 493, 495 (E.D.N.Y. 2005) (defendants engaged in a "pump and dump" scheme) (Wohl Br. at 6).

Only two of the cases the Traders cite concerned insider trading, but neither of those cases considered whether open market traders were "victims" under the CVRA, and they actually undermine the Traders' argument.  In the principal case the Traders rely upon, *United States* v. *Gupta*, 904 F. Supp. 2d 349 (S.D.N.Y. 2012), Judge Rakoff did not hold, as the Traders represent, that "insider trading is, of course, a fraud on investors."  Wohl Br. at 6.  Instead, Judge Rakoff made the opposite point clear, explaining:  "While insider trading may work a huge unfairness on innocent investors, Congress has never treated it as a fraud on investors, the Securities Exchange Commission has explicitly opposed any such legislation, and the Supreme Court has rejected any attempt to extend coverage of the securities fraud laws on such a theory." *Id.* at 352.  The only other insider trading case the Traders cite, *SEC* v. *Wang*, 944 F. 2d 80 (2d Cir. 1991), predated the CVRA by 13 years and therefore did not consider whether open market traders met the CVRA's definition of a "victim."  Further, in *Wang*, a counterparty that the court identified in general terms as a "victim" of an insider trader had in fact traded directly with that trader, not just on the open market. *See id.* at 82.  Thus, neither case suggests that the Traders are "victims" under the CVRA.

## The Traders Are Not Entitled To The Relief Sought

Even if the Traders were victims under the CVRA, nothing in the CVRA entitles them to second-guess the agreement between the Government and the Defendants resolving this criminal case, as they seek to do here, by demanding that the resolution be contingent on admissions that would assist them with litigating a civil proceeding in which Mr. Wohl was appointed co-lead counsel.

The CVRA provides crime victims only with procedural rights.  The Act is clear in stating that:  "Nothing in [the CVRA] shall be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation to any victim . . . Nothing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction."  *See* 18 U.S.C. § 3771(d)(6).

As the court stated in *United States* v. *Rubin*:

> [T]here is absolutely no suggestion in the statutory language that victims have a right independent of the government to prosecute a crime, set strategy, or object to or appeal pretrial or in limine orders entered by the Court whether they be upon consent of or over the objection of the government.  Quite to the contrary, the statute itself provides that '[n]othing in this chapter shall be construed to

Hon. Laura Taylor Swain                                                    4

> impair the prosecutorial discretion of the Attorney General
> or any officer under his direction.' 18 U.S.C. § 3771(d)(6).
> In short, the CVRA, for the most part, gives victims a
> voice, not a veto.

558 F. Supp. 2d 411, 418 (E.D.N.Y. 2008). Accordingly, "[t]he right to be heard does
not give the victims of crime veto power over any prosecutorial decision, strategy or
tactic regarding bail, release, plea, sentencing or parole." *Id.* at 424; *see also U.S.* v.
*Thetford*, 935 F. Supp. 2d 1280, 1285 (N.D. Ala. 2013) ("[T]he United States
Attorneys, as officers under the direction of the Attorney General, retain broad
prosecutorial discretion, and the CVRA does not transfer any of that discretion to
victims."). And as the Second Circuit made clear in *Huff*—a case that the Traders cite
(Wohl Br. at 5-6, 7-8)—"[n]othing in the CVRA requires the Government to seek
approval from crime victims before negotiating or entering into a settlement
agreement." 409 F.3d at 564.

       Here, the Traders seek to improve their position in their separate, civil
litigation, by improperly second-guessing the prosecution's litigation and settlement
strategy, and attempting to impose their judgment in place of the Government's
discretion. Thus, the Traders complain about how the Government chose to draft the
indictment, noting that, because in the indictment "the USAO lumped hundreds of
trades . . . into a single count," a guilty plea to the count does not require the
Defendants to admit wrongdoing with respect to every trade. Wohl Br. at 9. They
demand that the Government re-write the indictment so that it breaks out and isolates
the trading at issue in their civil lawsuit as a separate count, arguing that the failure to
do so "circumvent[s] procedural rules and substantive legal principles that would
otherwise apply." *Id.* at 8.

       The Traders, however, cite no provision of the CVRA and no case
suggesting that victims (which, as noted, the Traders are not) have the right to
challenge the Government's drafting of an indictment. Nor do they cite any authority
suggesting that victims have the right to require admissions that help shareholders
pursue civil litigation as a precondition to a criminal plea. Because the CVRA does not
allow victims "to set strategy" and cannot be construed to "impair the prosecutorial
discretion of the Attorney General or any officer under his direction," the Traders'
demand that the indictment in this case be rewritten to charge different offenses, and
that the defendants be required to make specific admissions of wrongdoing with
respect to each of those offenses, is improper and should be denied.[3]

---

[3]   The Traders contend that, had the Government charged insider trading in Elan and Wyeth as a separate
offense, then the defendants would have had to plead guilty to that offense for any sentencing
calculations to reflect Elan and Wyeth trading. That contention is not relevant, because the
Government did not charge Elan and Wyeth trading as a separate offense. It is also not correct. *See*
U.S. Sentencing Guidelines Manual § 1B1.3(a)(2) (a defendant may be sentenced based on conduct
that was "part of the same course of conduct or common scheme or plan as the offense of
conviction."); *see also id.* cmt. background ("Conduct that is not formally charged or is not an element
of the offense of conviction may enter into the determination of the applicable guideline sentencing
range").

### The Admissions Required By The Plea Agreement Are Sufficient

Even beyond the fact that the Traders have no standing to rewrite the terms of the indictment or the proposed resolution, their demand for additional admissions also should be rejected because it contradicts the well-settled principle that a defendant entering a guilty plea in a criminal proceeding is required only to admit to facts establishing the elements of the offense for which he or she is charged—not to all factual allegations pleaded by the Government in support of such a charge.

Thus, in the seminal case of *McCarthy* v. *United States*, the Supreme Court held that Federal Rule of Criminal Procedure 11 "requires the judge to satisfy himself that there is a factual basis for the plea," meaning solely "'that the conduct which the defendant admits constitutes the offense charged in the indictment or information of an offense included therein to which the defendant has pleaded guilty.'" 394 U.S. 459, 467 (1969) (quoting Fed. R. Crim. P. 11, Notes of Advisory Committee of Criminal Rules).

Applying this guidance, courts have repeatedly held that a plea may not be rejected merely because the defendant does not admit to conduct alleged in the indictment beyond what is essential to establishing the elements of the offense. For example, in *United States* v. *Washington*, the D.C. Circuit held that a district court abused its discretion by refusing to accept a criminal plea on the basis that a defendant refused to "confess to all of the facts recited in count one of the indictment," even though the defendant admitted to facts sufficient to constitute the charged offense. 969 F. 2d 1073, 1076, 1078 (D.C. Cir. 1992). The court reasoned that "[t]o establish a factual basis for a guilty plea, the defendant need only admit to the conduct which 'constitutes the offense charged in the indictment'," and need not admit any other facts because they were "irrelevant to establishing a factual basis for the plea." *Id.* at 1077, 1078 (quoting *McCarthy*, 394 U.S. at 467); *see also U.S.* v. *Rea-Beltran*, 457 F.3d 695, 701-02 (7th Cir. 2006) (holding that district court abused its discretion by refusing to accept guilty plea based on the defendant's statements about his lack of intent to commit the offense, because such intent was not an element of the offense).

Here, the Defendants have agreed to plead guilty to *every* offense alleged in the indictment, and will allocute to facts establishing the elements of each of those offenses. We respectfully submit that this is a sufficient basis for the Court to accept their guilty pleas, irrespective of whether the conduct to which they allocute involves trading in Elan and Wyeth securities.

None of the authorities cited in the Traders' letter or brief suggests otherwise. The authorities the Traders cite discussing criminal pleas are inapposite, because those authorities are all limited to the situation in which a defendant does not plead guilty to the most serious offense alleged in the indictment. *See, e.g.*, Wohl Ltr. at 2 (discussing how courts should approach *nolo contendere* pleas made when the defendants attempt "to avoid the collateral consequences of an admission of guilt"); Wohl Br. at 9-10 (same); Wohl Ltr. at 2 (discussing provisions in the Sentencing Guidelines governing plea agreements "that include[] the dismissal of any charges or an agreement not to pursue potential charges," *see* U.S. Sentencing Guidelines Manual

Hon. Laura Taylor Swain                                                                                6

§ 6B1.2(a)); Wohl Ltr. at 3 (discussing provisions in the United States Attorneys'
Manual stating that a "corporation should generally be required to plead guilty to the
most serious, readily provable offense charged"). The Traders cite no authority
suggesting that, where a defendant pleads guilty to all offenses, the court should still
reject that plea if it does not include admissions demanded by private plaintiffs.

       Instead, the authorities the Traders rely upon—all of which discuss civil
regulatory settlements and none of which involved criminal pleas—are inapposite. In
those cases, the defendants refused to make admissions in connection with a civil
settlement, and it was on that basis that the settlements were questioned by courts. *See,
e.g.*, *SEC* v. *CR Intrinsic Investors, LLC*, 2013 WL 1614999, at *6 (S.D.N.Y. Apr. 16,
2013). The Second Circuit has questioned the correctness of those decisions, stating
that "[w]e know of no precedent that supports the proposition that a settlement will not
be found to be fair, adequate, reasonable, or in the public interest unless liability has
been conceded or proved and is embodied in the judgment." *SEC* v. *Citigroup Global
Markets Inc.*, 673 F.3d 158, 166 (2d Cir. 2012). In any event, the concern raised by
those cases does not apply where, as here, in a criminal proceeding, a defendant pleads
guilty to all offenses charged in an indictment and allocutes to facts sufficient to
establish the elements of those offenses.

       Accordingly, we respectfully submit that there is no legal or principled
basis for the Traders' attempt to intervene in this proceeding or for their attempt to aid
their separate, civil lawsuit by second-guessing the plea agreement between the
Government and the Defendants resolving this case.

                          Respectfully submitted,

                          Daniel J. Kramer                          / P.A.P.

cc:      Ethan Wohl (by email)
         Antonia M. Apps (by email)
         Arlo Devlin-Brown (by email)
         Martin Klotz (by email)
         Michael E. Gertzman (by email)
         Michael S. Schachter (by email)
         Theodore V. Wells Jr. (by email)